IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 20-cv-00552-CMA-NRN

CURTIS PARK GROUP, LLC,

    Plaintiff,

v.

ALLIED WORLD SPECIALTY INSURANCE COMPANY,

    Defendant.

## ORDER

This matter is before the Court on Defendant Allied World Specialty Insurance Company's Motion for Summary Judgment (Doc. # 131). The Motion is denied for the following reasons.

### I.    BACKGROUND

This is an insurance bad-faith case. Plaintiff, Curtis Park Group ("Curtis") is a Denver-based real estate development company. (Doc. # 5, ¶ 7). At some point between 2016 and 2018,[1] Curtis began work on a condominium development called Sustainability Park (the "Project"). (Doc. # 5, ¶ 7). The Project consists of five buildings, four of which are constructed over a concrete podium deck and underlying parking garage. (Doc. # 5, ¶ 9).

---

[1] The Complaint is not clear as to when work began.

Before beginning construction on the project, Curtis purchased a builder's risk insurance policy ("Policy") from Defendant, Allied World Specialty Insurance Company ("Allied"). (Doc. # 5, ¶ 8). The Policy provided, in relevant part, that Allied would pay for "physical loss or damage" to the Project "in the course of construction, erection, or fabrication." (Doc. # 131-1, p. 59).

At some point after construction began, the general contractor "discovered an unexpected amount of downward deflection[2] throughout the entire podium deck[.]" (Doc. # 5, ¶ 9). The contractor stopped work on the project, and Curtis submitted an insurance claim to Allied. (Doc. # 5, ¶ 11). Allied ultimately denied coverage based on the "Defects, Errors, And Omissions" exclusion. (Doc. # 5, ¶ 34; Doc. # 139, ¶ 13). That exclusion provides, in relevant part, that Allied would "not pay for loss or damage that is caused by or results from . . . an act, defect, error, or omission (negligent or not) relating to . . . design, specifications, construction, materials, or workmanship[.]" (Doc. # 131-1, p. 70).

Curtis now alleges that Allied acted in bad faith when it denied Curtis's insurance claim. (*See* Doc. # 5). It is suing Allied for breach of contract, common-law insurance bad faith, and violations of Colorado's bad-faith statute, Colo. Rev. Stat. §§ 10-3-1115 and -1116. (Doc. # 5).

Allied seeks summary judgment on all of Curtis's claims. (Doc. # 131). Allied argues that "[t]he excessive deflection of Plaintiff's podium slabs was due to defective

---

[2] Neither explains what this means.

2

construction," which is expressly excluded from coverage under the Policy. (Doc. # 131, p. 13).

The Court finds that there are genuine factual disputes which preclude summary judgment in this case.

## II. LEGAL STANDARDS

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating an absence of a genuine dispute of material fact and entitlement to judgment as a matter of law. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004). Once the movant meets its initial burden, however, the burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 256 (1986). Ultimately, the Court's inquiry on summary judgment is whether the facts and evidence identified by the parties present "a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. at 251-52.

## III. ANALYSIS

Having reviewed the Complaint, the Motion for Summary Judgment and related briefing, and the relevant legal authority, the Court finds that there are disputed questions of material fact that preclude summary judgment, including:

- The cause of the excessive deflection identified in the podium slabs;
- Whether that cause falls within a policy exclusion;

- Whether benefits were owed under the policy; and
- Whether Allied unreasonable delayed or denied payment of benefits.

In view of these factual questions, the Court finds that summary judgment is not appropriate.

## IV.  CONCLUSION

For the foregoing reasons, Defendant Allied World Specialty Insurance Company's Motion for Summary Judgment (Doc. # 131) is DENIED.

DATED:  January 24, 2022

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge