**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Christine M. Arguello**

Civil Action No. 20-cv-00552-CMA-NRN

CURTIS PARK GROUP, LLC,

      Plaintiff,

v.

ALLIED WORLD SPECIALTY INSURANCE COMPANY,

      Defendant.

---

**ORDER DENYING MOTION FOR RECONSIDERATION (Doc. # 191)**

---

This matter is before the Court on Defendant Allied World Specialty Insurance Company's Motion for Reconsideration (Doc. # 191). Allied seeks reversal of the Court's order denying its motion for summary judgment. The Motion for Reconsideration is denied for the following reasons.

Allied sought summary judgment based on the "construction defect exclusion" in Plaintiff's insurance policy. (Doc. # 131, p. 13). Specifically, Allied argued that "[t]he excessive deflection in Plaintiff's podium slabs was caused by acts, defects, errors, or omissions in the construction process," which were excluded from coverage. (Doc. # 131, p. 1). The Court denied summary judgment on the ground that there are disputed issues of material fact – including, among other things, the "cause of the excessive deflection identified in the podium slabs." (Doc. # 189).

1

Allied now argues that the Court erred by using the word "cause" in its order: "By focusing on the concept of 'cause,' this Court ignored the disjunctive 'or' within the exclusion, failing to consider provisions within the exclusion warranting application of the exclusion for reasons unrelated to the proof of cause." (Doc. # 191, p. 1). This argument fails for several reasons.

First, Allied has waived this argument. Allied is arguing that the Court should have read the policy to mean that "Allied world does not pay for *a loss consisting of a defect relating to construction*." (Doc. # 191, p. 6 (emphasis in original)). But Allied did not make this argument in its summary judgment motion (Doc. # 131) or in its reply (Doc. # 152). A party may not use a motion for reconsideration "to advance arguments that could have been raised in a prior briefing." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "A motion for reconsideration is not a license for a losing party's attorney to get a second bite at the apple[.]" *Shields v. Sheter*, 120 F.R.D. 123, 126 (D. Colo. 1988). Therefore, Allied is barred from raising this argument in a motion for reconsideration.

Next, the mere fact that the Court used the word "cause" in its order is not a basis for reversal. The Policy defines the types of loss or damage that are excluded from coverage according to their cause: "'We' do not pay for loss or damage that is caused by or results from one or more of the following[.]" (Doc. # 131-1, p. 70 (emphasis added)). The Policy then lists a variety of causes that could result in a loss or damage that is not covered by the Policy. (Doc. # 131-1, p. 70). Thus, whether a particular loss is covered or uncovered depends on its cause. Does water damage

"consist of a defect relating to construction"? It depends: was the damage caused by a contractor's error? Vandalism? A natural disaster? It may be impossible to know what the damage "consists of" or "relates to" until the cause of the damage is clear. Thus, the Court did not err by denying summary judgment based on a factual dispute as to the cause of the damage in question.

Further, even if the Court had erred by considering the cause of the damage in question, reversal is not justified because Allied invited such error. "The invited error doctrine prevents a party from inducing action by a court and later seeking reversal on the ground that the requested action was error." (*United States v. Johnson*, 183 F.3d 1175, 1178 n. 2 (10th Cir.1999). In this case, Allied induced the result that it now challenges by repeatedly arguing that the Court should consider the cause of the damage in question:

- "The excessive deflection in Plaintiff's podium slabs was <u>caused</u> by acts, defects, errors, or omissions in the construction process" (Doc. # 131, p. 1 (emphasis added));

- "The excessive deflection of Plaintiff's podium slabs was <u>due to</u> defective construction, which is excluded by the . . . construction defect exclusion" (Doc. # 131, p. 13 (emphasis added));

- "These [construction] errors <u>caused</u> the podium slab to excessively deflect" (Doc. # 152, p. 1 (emphasis added));

- "All of Plaintiff's claimed damages, including those to the Project's upper floors and the building structure, if any, were <u>caused</u> by the podium slab deflection – an excluded <u>cause</u>." (Doc. # 152, p. 10 (emphasis added)).

If Allied believed that the cause of the damage in question was irrelevant to the Court's analysis, it could have said so in its summary judgment motion. Instead, it chose to say the opposite.

For the foregoing reasons, Defendant Allied World Specialty Insurance Company's Motion for Reconsideration (Doc. # 191) is DENIED.

DATED:  February 14, 2022

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge