IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 20-cv-00552-CNS-NRN

CURTIS PARK GROUP, LLC,

    Plaintiff,

v.

ALLIED WORLD SPECIALTY INSURANCE COMPANY,

    Defendant.

---

# ORDER

Before the Court are Plaintiff Curtis Park Group, LLC's (Curtis Park) motion to strike the addition of witnesses to Defendant Allied World Specialty Insurance Company's (Allied) proposed witness list (ECF No. 192) and Plaintiff's motion to disqualify Ryan Yates (ECF No. 193). The Court GRANTS both motions for the following reasons.

I.    FACTS

This is an insurance bad-faith case. The Court does not need to restate the facts that led up to the filing of this civil action. (*See* ECF No. 189). A Final Pretrial Order was entered by the Magistrate Judge on January 6, 2022.[1] (ECF No. 186). On January 25, 2022, the Court instructed Plaintiff to file any motions to disqualify Ryan Yates or strike additional witnesses by February 8,

---

[1] The Court will not consider Defendant's disingenuous arguments regarding the absence of a Final Pretrial Order. The docket speaks for itself.

1

2022. (ECF No. 190). The Court will first address the motion to strike and then the motion to disqualify.

II. ANALYSIS

1. Motion to Strike, ECF No. 192:

The Court issued its Final Pretrial Order on January 6, 2022. (ECF No. 186). In the Final Pretrial Order, Defendant's list of witnesses was attached as Exhibit B. (ECF No. 186-2, pp. 1-6). On January 24, 2022, Defendant submitted a new proposed witness list that added three additional witnesses: the lead counsel for Plaintiff and counsel for Milender White Residential LLC (Milender), Plaintiff's general contractor for the construction project that is central to this civil action. (ECF No. 192-1, p. 2). Plaintiff argues that Defendant failed to obtain leave of Court, there is no good cause for these additions, and that it will be prejudiced by the additional witnesses. (ECF No. 192, ECF No. 200). Defendant argues that there is no surprise in adding these witnesses and that Plaintiff will not be prejudiced.

First, it is clear from the docket that there was a Final Pretrial Order in place and thus, Defendant was required to move for leave to file an amended witness list and show substantial good cause under Judge Arguello's civil practice standards. Defendant did not do so, and the motion could be denied on that basis alone. But even if Defendant had moved for leave to file an amended list, it has failed to show substantial good cause. Defendant concedes that Bret Gunnell, Laurie Choi, and Ernest Martin are attorneys representing either Curtis Park or Milender. (ECF No. 196, p. 2). And Defendant does not contest that it did not list two of these witnesses in its initial disclosure, depose the attorneys, request additional discovery from these individuals, or establish that any information possessed by these individuals is not available from another source.

2

*See e.g., Boughton v. Cotter Corp.*, 65 F.3d 823, 831 n.12 (10th Cir. 1995) (noting that the same criteria preventing deposition of opposing counsel apply to protecting opposing counsel from being compelled to testify at trial). "The preparation of a pretrial order requires careful attention and review by the parties and their attorneys." *Wilson v. Muckala*, 303 F.3d 1207, 1215 (10th Cir. 2002). As such, unless the pretrial order is modified, the parties are bound by the contents and may not contradict its terms. This includes the "portions of pretrial orders [that] list the witnesses and describe the testimony each party may use." *Prager v. Campbell Cnty. Mem'l Hosp.*, 731 F.3d 1046, 1056 (10th Cir. 2013) (citation omitted). Accordingly, because Defendant has failed to establish substantial good cause and did not timely move to modify the Final Pretrial Order, this Court GRANTS the motion to strike the additional witnesses. (ECF No. 192).

    2.  Motion to Disqualify Ryan Yates, ECF No. 193

Plaintiff moves to disqualify Ryan Yates, counsel for Defendant, and has listed Mr. Yates within the Final Pretrial Order as a witness who may be present at trial and where testimony is expected to be presented via deposition. (ECF No. 186-1, p. 5). Plaintiff seeks only to disqualify Ryan Yates, not his co-counsel or his firm. (ECF No. 201, p. 2). Plaintiff has noted that if the Court disqualifies Mr. Yates, it will designate him as one of its key witnesses. (ECF No. 201, p. 8).

In November 2020, the Magistrate Judge determined that the Yates Law Firm was "involved with the various experts in obtaining information relating to the investigation and was part of the 'adjustment team.'" (ECF No. 63, p. 5). Indeed, the Magistrate Judge found that Defendant's denial letter was "a collaborative effort between Allied and coverage counsel," that the law firm "worked with Allied to determine what policy provisions might apply to the

3

Reservation of Rights letter," and that Ryan Yates "attended meetings with Nelson Forensics to discuss the claim." (*Id.*).

In July 2021, the Special Master reaffirmed that the Court had "already determined that Mr. Yates ha[d] relevant and non-privileged information." (ECF No. 136, p. 2). The Special Master permitted Plaintiff to depose Mr. Yates and limited the scope of the deposition to (1) communications among Nelson Forensics, the law firm, and/or Defendant regarding Nelson Forensics's investigation of the claim and (2) Mr. Yates's role in drafting the reservation of rights letter. (ECF No. 136, pp. 8-9). The Magistrate Judge overruled Defendant's objections and reaffirmed that Mr. Yates had "information that is relevant and non-privileged related to his role in assisting [Defendant] to adjust the [Plaintiff's] claim." (ECF No. 166). The Magistrate Judge specifically noted:

> Perhaps if Nelson had prepared a written report explaining its findings, Mr. Yates and Allied World would not be in this position. Indeed, at oral argument, Mr. Russell Yates (also from the Yates Law Firm and also representing Allied World in this litigation) expressly stated that he had instructed Nelson not to write up a report of its findings until a final determination of coverage. It is not clear to me what purpose was served by instructing the forensic engineer, Nelson, not to put its findings in writing. The person who may be able to shed some light on this is Ryan Yates, and Curtis Park must be permitted to depose him with respect to these facts.

(*Id.*, p. 14). Mr. Yates was deposed on November 18, 2021. (ECF 193-3). Mr. Yates has been on notice since January 25, 2022, that Plaintiff would move to disqualify him. (ECF No. 190). Mr. Yates argues, among other things, that (1) Defendant has not listed Mr. Yates as a witness; (2) Mr. Yates is not a necessary trial witness under the Colorado Rules of Professional Conduct; (3) Mr. Yates's testimony would be cumulative; and (4) disqualification would be prejudicial to Defendant.

4

"It is axiomatic that the trial court has considerable discretion in determining how a trial is to be conducted." *Blair v. Eagle-Picher Indus., Inc.*, 962 F.2d 1492, 1500 (10th Cir. 1992). A motion to disqualify counsel is within the Court's sound discretion. *World Youth Day, Inc. v. Famous Artists Merch. Exch., Inc.*, 866 F. Supp. 1297, 1301 (D. Colo. 1994); *Cole v. Ruidoso Mun. Sch.*, 43 F.3d 1373, 1383 (10th Cir. 1994). The movant bears the burden to establish the grounds for disqualification. *World Youth Day, Inc.*, 866 F. Supp. at 1299.

The Court has adopted the Colorado Rules of Professional Conduct to govern attorney conduct within the District of Colorado. *See* D.C.COLO.LAttyR 2(a). Rule 3.7 states that:

(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
 (1) the testimony relates to an uncontested issue;
 (2) the testimony relates to the nature and value of legal services rendered in the case; or
 (3) disqualification of the lawyer would work substantial hardship on the client.

Colo. RPC 3.7(a).

A motion to disqualify opposing counsel is generally disfavored as it is an extreme remedy. *Chung v. Lamb*, No. 14-CV-3244-WYD-KLM, 2016 WL 11548225, at *2 (D. Colo. May 17, 2016). But it is an appropriate remedy where it is "required to preserve the integrity and fairness of the judicial proceedings." *Id.* Indeed, a lawyer is a necessary witness if "his or her testimony is relevant, material and unobtainable elsewhere." *World Youth Day, Inc.*, 866 F. Supp. at 1302. As previously discussed, the Court has found, among other things, that Mr. Yates is the primary individual who has first-hand, non-privileged knowledge regarding the adjustment of the claim and portions of the denial and reservation of rights letters that Mr. Yates personally drafted. Plaintiff has established that Mr. Yates possesses relevant knowledge that cannot be obtained by

5

other witnesses. (*See* ECF No. 193, pp. 10-11; ECF No. 201, pp. 5-8). The Court agrees that there is a substantial risk that the jury will be confused by an attorney who also appears as a witness. *World Youth Day, Inc.*, 866 F. Supp. at 1303. Accordingly, the Court finds that Plaintiff has met its burden of proof.

Mr. Yate's remaining arguments against disqualification are unavailing. In particular, he argues that disqualification would create a substantial hardship for Defendant because it did not foresee Mr. Yates as a trial witness and would be prejudiced by having only one trial attorney. Defendant, however, has been on notice for over eight months that Plaintiff was moving to disqualify Mr. Yates. Regardless, Mr. Yates is only disqualified from acting as an advocate at trial. If Defendant feels that it would be prejudiced by having only one attorney (rather than two) at trial, any potential prejudice could be cured by a motion to reschedule the trial date to allow additional counsel time to prepare.

III. CONCLUSION

Accordingly, IT IS ORDERED that:

(1) Plaintiff's motion to strike is GRANTED (ECF No. 192);

(2) Plaintiff's motion to disqualify Ryan Yates is GRANTED (ECF No. 193);

(3) Ryan Yates is precluded from acting as Defendant's trial counsel; and

(4) If a new trial date is necessary, the parties SHALL confer and notify the Court at Sweeney_Chambers@cod.uscourts.gov within seven (7) days.

DATED this 15th day of August 2022.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge

7