IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:20-cv-00552-CNS-NRN

CURTIS PARK GROUP, LLC,

    Plaintiff,

v.

ALLIED WORLD SPECIALTY INSURANCE COMPANY,

    Defendant.

---

**ORDER**

Before the Court is Defendant's Motion in Limine to Exclude Evidence of Damages Not Incurred By Plaintiff.  (ECF No. 207).  The Court DENIES the motion for the following reasons.

## I.  FACTS

This is an insurance bad-faith case, and the Court incorporates the facts from prior Orders. (ECF Nos. 189, 215).  On January 24, 2022, Judge Arguello denied Defendant's motion for summary judgment, ruling that there were disputed questions of material fact that precluded summary judgment on the following issues:  (1) the cause of the excessive deflection identified in the podium slabs; (2) whether the cause of the excessive deflection was excluded by Insurance Policy No. 0310-2780 (the policy); (3) whether Defendant owed benefits to Plaintiff under the policy; and (4) whether Defendant unreasonably delayed or denied payment of benefits.  (ECF No. 189, pp. 1-2).  On August 15, 2022, this Court granted Plaintiff's motions to strike the addition of

1

witnesses and to disqualify Ryan Yates.  (ECF No. 215).  A ten-day jury trial is set to commence on March 27, 2023.  (ECF No. 217).

## II.  LEGAL STANDARD

Motions in limine enable the court "to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial."  *Michael v. Rocky Mountain Festivals, Inc.*, No. 1:16-CV-02969-SKC, 2019 WL 10011881, at *1 (D. Colo. July 19, 2019) (citation omitted).  However, such rulings are often better left until trial when the Court can assess the question and evidence presented. *Vanderheyden v. State Farm Mut. Auto. Ins. Co.*, No. 20-CV-03182-CMA-MEH, 2022 WL 4131439, at *2 (D. Colo. Sept. 12, 2022).

The movant has the burden of establishing that the "evidence is inadmissible on any relevant ground."  *Pinon Sun Condo. Ass'n, Inc. v. Atain Specialty Ins. Co.*, No. 17-CV-01595-CMA-NRN, 2020 WL 1452166, at *3 (D. Colo. Mar. 25, 2020) (citation omitted); *see also Hawthorne Partners v. AT & T Techs., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993) ("Unless evidence meets this high standard [of clearly inadmissible], evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context.").

## III.  ANALYSIS

In the instant motion, Defendant seeks to exclude evidence pertaining to Plaintiff's alleged cost of repair for the deflected slab in the amount of $2,857,157.78.  (ECF No. 207).  Defendant argues that under the terms of the policy, Plaintiff is not entitled to recover the cost of repair because it never incurred the costs.  Rather, Defendant argues that the general contractor, Milender

White Residential (MWR), paid for the repair and now seeks reimbursement from Plaintiff for the repair cost. (*Id.*). Defendant fails to present any evidentiary issues in advance of trial and does not present an argument regarding the admissibility of the evidence. Plaintiff argues that Defendant's motion in limine is merely a veiled motion for summary judgment.

This Court agrees with Plaintiff and finds that Defendant's motion is an improper dispositive motion. *See Stratus Redtail Ranch LLC v. Int'l Bus. Machines Corp.*, No. 19-CV-02611-CMA-NYW, 2022 WL 2187334, at *3 (D. Colo. June 16, 2022). "An in limine motion is not a proper vehicle for a party to ask the Court to weigh the sufficiency of the evidence to support a particular claim or defense, because [t]hat is the function of a motion for summary judgment, with its accompanying and crucial procedural safeguards." *Dry Clean Super Ctr., Inc. v. Kwik Indus., Inc.*, No. 08-CV-00578-WJM-CBS, 2012 WL 503510, at *4 (D. Colo. Feb. 15, 2012) (internal quotations omitted). Defendant's motion is essentially asking the Court to determine liability for the cost of repair under the policy as a matter of law. The Court declines this invitation. Defendant did not move the Court for permission to file a second motion for summary judgment on this issue and the Court will not "allow Defendants to circumvent its practice standards and the Rules of Civil Procedure by raising a substantive legal issue in a motion in limine." *Id.* at *5.

## IV.  CONCLUSION

Accordingly, Defendant's motion in limine is DENIED. (ECF No. 207).

DATED this 7th day of February 2023.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge